Nott, J.,
delivered the opinion of the court:
The causes of action set forth in Findings II, III, and IYfail for deficiency of proof; the causes of action set forth in Findings Y and YI are dependent upon issues of fact, which are determined in favor of the claimant; the only question of law involved is presented by Finding YII.
The question involved in those facts is peculiar, or rather the application of the law to the facts of the case is without a precise precedent in this court.
The claimant was a contractor engaged in plastering the ■walls of the Pension Building under an express contract. In addition to the work required by his contract he occasionally furnished mechanics and laborers to work for the Government by what is termed in the trade day’s work.”
From time to time accounts were made out by the disbursing agent of the Government, in which these services were stated at a rate which the contractor paid the men, and nothing •more. To these accounts were appended receipts in full, which the claimant signed when he received the money.
A receipt in full ordinarily is but evidence in the nature of an admission, liable to be explained or contradicted, and it is well settled, even as against the Government, that where the amount of a debt is fixed and ascertained payment of a part cau not be made payment of the whole through the instrumentality of a receipt in full. (Bostwick's Case, 94 U. S. R., 53.) But the law which allows contracting parties, through the medium of an express contract, to fix the value in advance of a thing to be delivered, or a service to be rendered, also allows them to fix the value in cases of implied contract after the thing has been delivered or the service has been rendered. If the consideration of the implied contract is still open and undetermined, they may still agree upon the price or the compensation, and it is only where they fail to agree that the law answers the question in controversy by the words in quantum meruit, or in qu,antum valebat. In such cases, if the debtor proffers payment as payment in full, as a discharge of his existing indebtedness, the creditor must accept it as such or not accept it at all, and acceptance will discharge the debt. (Comstock's Case, 9 C. Cls. R., 141; Savage’s Case, 92 U. S. R., 382.)
A receipt in full in such cases is something more than an *480 admission of payment, it is an agreement to fix the value of the thing sold, and to receive the price agreed upon as the full consideration of the implied contract. Such agreements may be attacked as all written contracts may be upon the ground of fraud or mistake, but they can not be overthrown by the doctrine applicable in cases of express contract that payment of a part of a debt is not payment of the whole. In cases of implied contract there is no whole and no part until the amount is fixed by agreement of parties or the verdict of a jury.
Here, it will be observed, there was no express contract fixing the consideration of the implied contract, which sprang up whenever the service was rendered. At the first glance, and upon a mere inspection of the accounts, it would be said that the debtor paid.iu full, as evidenced by the termsof thereceipts, and that the creditor accepted payment in full, and thereby discharged the indebtedness of the other party. And if, instead of procuring the services of these mechanics and laborers, at the request and for the benefit of the other party, there had been the sale of a commodity in which the- contractor dealt, such would be the effect of the payment.
A closer inspection of the case, however, brings other and distinctive facts into view.
The contractor here did not buy and sell labor as a commodity, but procured it for the use of the other party. On his part there was the trouble of procuring mechanics and laborers; the obligation of paying them ; the expense incidental to keeping their time, and carrying the pay-rolls and the usage of the trade. On the part of the Government there was nothing more than a repayment to the contractor of what he had paid out as wages to the employés, The parol evidence shows that here, there were two obligations resting upon the Government — to refund to the contractor the money which he had paid to its use; to compensate him for the trouble and expense which he had undergone at the Government’s request.
The evidence also shows that the accounts and receipts in full, though general in terms, related exclusively to the former obligation, and did not include the latter. While, therefore, the transaction arose under an implied contract and upon its face looks very much like the parties settling the price or consideration by payment and acceptance, it is really, by virtue of its dual obligations, one of those cases where payment of a part *481 of a debt can not be allowed to stand as payment of the whole. In other words, payment of the indebtedness for money expended to the use of the defendants can not be allowed to stand as payment of the indebtedness for service rendered at their request, be the accounts and receipts upon which payment was made ever so general in terms.
If these obligations had not been distinct; if the contractor had merged them in one; if he had accepted ever- so small a consideration in addition to the money which he paid to these third persons for the use of the defendants and at their request, or if any dispute or controversy had existed and the payment had been proffered as a settlement of it, the transaction would have been closed by the voluntary act of the parties, and the debt discharged. The distinction between this and ordinary cases of implied, contract is that here there were distinct transactions — the service rendered, the money paid. As a matter of pleading a plaintiff may not be allowed to split up his demand and bring one suit for his commission and another for the money he paid out; but if a defendant paid for the one and did not pay for the other, a receipt in full should not conclude the plaintiff from his right of action. If payment of a part is not payment of the whole, still less is payment of one debt payment of another.
The judgment of the court is that the claimant recover of the defendants the sum of $1,976.25.